IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WESLEY MITCHELL,

        Plaintiff,                 No. CIV-S-11-1240 GGH P

   vs.

MATTHEW L. CATE, et al.,

        Defendants.        <u>ORDER</u>

/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Pursuant to an order, filed on June 6, 2011, plaintiff, on July 11, 2011, submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $14.19 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

1

Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

1 court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
2 Id.

3       In reviewing a complaint under this standard, the court must accept as true the
4 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
5 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,
6 and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.
7 1843 (1969).

8       The complaint states a colorable claim for relief against defendants McDonald,
9 Gower, Davey, Van Leer, Sanders, Miranda and Clark pursuant to 42 U.S.C. § 1983 and 28
10 U.S.C. § 1915A(b).

11       Plaintiff names the following as defendants: Matthew Cate, Secretary of the
12 California Department of Corrections and Rehabilitation (CDCR); Scott Kernan, Undersecretary
13 of CDCR; Steven Chapman, Assistant Secretary of CDCR; Mike McDonald, Warden of High
14 Desert State Prison (HDSP); HDSP Chief Deputy Warden R.L. Gower; HDSP Correctional
15 Captain D. Davey; HDSP Correctional Counselor (CC) II D. Clark; HDSP Correctional
16 Lieutenant D. Van Leer; HDSP CC I A. Sanders; HDSP Correctional Sergeant Harkness; HDSP
17 Physician's Assistant R. Miranda; Registered Nurse (RN) Clark.  Complaint, pp. 1-4.  The
18 gravamen of plaintiff's allegations is that, on October 6, 2009, he was, without having violated
19 any prison regulation, removed from the general population and placed in a punitive
20 Administrative Segregation (Ad Seg) unit and was retained there until May 26, 2010, without
21 having been afforded procedural due process and during which he was subjected to a period of
22 nearly eight months without outdoor exercise and deprived of the ability to participate in
23 religious activities.  Id., at 6, 8-13, 15-18.  Plaintiff claims he has not been provided with the
24 form explaining the basis for his having been placed in Ad Seg.  Id., at 10.  Plaintiff alleges that
25 it was not until some five months after he had been placed in Ad Seg that he learned by way of a
26 response to a group inmate appeal that his segregation occurred as a result of an investigation

1  into his alleged membership in a gang and his alleged involvement in a violent incident involving
2  various inmates on September 17, 2009, incidents in which he claims to have had no
3  involvement whatever. Id., at 6-7. Plaintiff alleges that during the first two nights of his
4  segregation he was subjected to extremely cold temperatures and from October 6, 2009, until
5  November 20, 2009, had only boxer shorts and shower shoes. Id., at 11. Plaintiff seeks money,
6  including punitive damages and injunctive relief in the form of expungement of "disruptive
7  group" documents and photographs from his central file. Id., at 20.

8        The court has found colorable plaintiff's claims with regard to inadequate medical
9  care while he was segregated because plaintiff has, at least minimally, linked those claims to
10 specific individuals. In addition, the undersigned has found cognizable plaintiff's claims that he
11 was subjected to violations of due process inasmuch as the conditions of confinement which has
12 he described being placed in without any procedural safeguards being followed could arguably be
13 characterized as having imposed a "freedom from restraint" that "imposes atypical and
14 significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v.
15 Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995). In addition, the alleged wholesale
16 deprivation of outdoor exercise for an eight-month period as well as a claim of being kept from
17 all participation in religious activity frames colorable claims. See, e.g., Lopez v. Smith, 203 F.3d
18 1122, 1132-1133 (9th Cir. 2000) (plaintiff's claim that he was denied all outdoor exercise for six
19 and a half weeks met the objective requirement for an Eighth Amendment claim); Shakur v.
20 Schriro, 514 F.3d 878, 883-884 (9th Cir. 2008), quoting O'Lone v. Estate of Shabazz, 482 U.S.
21 342, 348, 107 S. Ct. 2400 (1987)("[i]nmates retain the protections afforded by the First
22 Amendment, 'including its directive that no law shall prohibit the free exercise of religion.'").

23       However, as to defendants Cate, Kernan and Chapman, plaintiff has not framed
24 cognizable claims. The Civil Rights Act under which this action was filed provides as follows:

25       Every person who, under color of [state law] . . . subjects, or causes
      to be subjected, any citizen of the United States . . . to the
26       deprivation of any rights, privileges, or immunities secured by the

4

> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). It is not enough to simply allege defendant Chapman's personal involvement without providing any factual predicate for such a claim. Nor can defendant state officials Cate and Kernan be implicated simply by the jobs they hold with awareness of plaintiff's situation generically imputed to them. These defendants will be dismissed with leave to amend.

In addition, to the extent plaintiff seeks injunctive relief, just as it is not necessary to allege Monell[1] policy grounds when suing a state or municipal official in his or her official capacity for injunctive relief related to a procedure of a state entity, Chaloux v. Killeen, 886 F.2d 247 (9th Cir. 1989), it follows that it is not necessary to allege the personal involvement of a state

---

[1] Monell v. Department of Social Servs., 436 U.S. 658, 98 S. Ct. 2018 (1978).

5

official when plaintiffs are attacking a state procedure on federal grounds that relates in some way to the job duties of the named defendant.  All that is required is that the complaint name an official who could appropriately respond to a court order on injunctive relief should one ever be issued.  Harrington v. Grayson, 764 F. Supp. 464, 475-477 (E.D. Mich. 1991); Malik v. Tanner, 697 F. Supp. 1294, 1304 (S.D.N.Y. 1988). ("Furthermore, a claim for injunctive relief, as opposed to monetary relief, may be made on a theory of respondeat superior in a § 1983 action."); Fox Valley Reproductive Health Care v. Arft, 454 F. Supp. 784, 786 (E.D. Wis. 1978).  See also, Hoptowit v. Spellman, 753 F.2d 779 (9th Cir. 1985), permitting an injunctive relief suit to continue against an official's successors despite objection that the successors had not personally engaged in the same practice that had led to the suit.  However, because a suit against an official in his or her official capacity is a suit against the state, a practice, policy or procedure of the state must be at issue in a claim for official capacity injunctive relief.  Haber v. Melo, 502 U.S. 21, 25, 112 S. Ct. 358, 361-62 (1991).  Plaintiff, in naming Warden McDonald as a defendant has named an official who could respond to any court order requiring injunctive relief.

In addition, although plaintiff names Harkness as a defendant, he does not appear to have alleged his personal involvement in the deprivations described.   This defendant will be dismissed with leave to amend.  Moreover, within the body of the complaint, plaintiff lists defendant Dangler among a number of defendants he alleges violated his First Amendment rights, but he does not identify this individual as a defendant among the parties he lists as such (see above) and this individual will be dismissed as well with leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d

1  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's request to proceed in forma pauperis is granted;

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee of $14.19.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's claims against defendants Cate, Kernan, Chapman, Harkness and Dangler are dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this Order.  Failure to file an amended complaint will result in a recommendation that these defendants be dismissed from this action.

4.  Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

DATED: September 13, 2011

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
mitc1240.b1