1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WESLEY MITCHELL,

11            Plaintiff,                    No. CIV-S-11-1240 JAM GGH P

12        vs.

13   MATTHEW L. CATE, et al.,               ORDER &

14            Defendants.                   FINDINGS AND RECOMMENDATIONS

15   _____/

16            By Order, filed on October 17, 2011, this court found plaintiff's complaint

17   appropriate for service upon defendants defendants McDonald, Gower, Davey, Van Leer,

18   Sanders, Miranda and Clark.  By Order, filed on November 22, 2011, this court ordered service

19   of the complaint upon these defendants.  By Order, filed on December 9, 2011, defendants Cate,

20   Kernan, Chapman, Harkness and Dangler were dismissed from this action.

21            Among the originally named defendants were, inter alia, a High Desert

22   Correctional Counselor II, identified as D. Clark, and HDSP Registered Nurse (RN) Clark.  See

23   Order, filed on September 14, 2011, p. 3, citing Complaint, pp. 1-4.  The text entry at docket # 15

24   indicates that service had been directed on D. Clark, although it is unclear how this conclusion

25   could have been made from the order itself.  The caption of the case docket prepared by the Clerk

26   of the Court indicates that an "unknown Clark" was terminated as a defendant on October 17,

1

1   2011, while a D. Clark is identified as a defendant, again the basis for this is not apparent.

2   Defendant Clark's counsel has now requested clarification as to which Clark remains a

3   defendant, attaching a copy of a waiver of service of summons, signed by counsel on January 19,

4   2012, identifying defendant Clark as a male registered nurse.  See docket # 21.  Counsel indicates

5   that she has received a request for representation by a J. Clark, employed as a registered nurse at

6   HDSP.[1]  Although she seeks clarification, counsel has identified herself as representing, inter

7   alia, defendant J. Clark, the HDSP registered nurse.  See docket # 19 & # 21.  Thus, the only

8   question that remains is whether or not D. Clark remains a defendant or should be dismissed.

9          As noted in the screening order, filed on September 14, 2011, the court is required

10  to screen complaints brought by prisoners seeking relief against a governmental entity or officer

11  or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a

12  complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or

13  malicious," that fail to state a claim upon which relief may be granted, or that seek monetary

14  relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

15         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

16  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

17  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

18  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

19  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

20  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

21  Cir. 1989); Franklin, 745 F.2d at 1227.

22

23         [1] Counsel also points out that there is no entry in the case docket for defendant Dangler,
    who has been dismissed as a defendant.  This simply appears to be a docketing error on the part
24  of the Court Clerk.  This no doubt occurred because while plaintiff named him within the body of
    the complaint, he failed to list Dangler as a defendant in his case caption and this omission has
25  no significance for the proceedings at this point as this defendant is among those defendants who
    have been expressly dismissed.  See Order, filed on Dec. 9, 2011 (docker # 17).

26

1    A complaint must contain more than a "formulaic recitation of the elements of a

2 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

3 speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

4 "The pleading must contain something more...than...a statement of facts that merely creates a

5 suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal

6 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient

7 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft

8 v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct.

9 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

10 court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

11 Id.

12    In reviewing a complaint under this standard, the court must accept as true the

13 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

14 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

15 and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

16 1843 (1969).

17    The court has found colorable plaintiff's claims with regard to inadequate medical

18 care; his due process claims with respect to his placement in allegedly punitive administrative

19 segregation without any procedural safeguards; and his claims of having been subjected to a

20 complete deprivation of outdoor exercise for an eight-month period as well as having been kept

21 from participation in religious activity. See Order, filed on Sept. 14, 2011, p. 4.

22    However, as to defendant D. Clark, plaintiff identifies him as an appeals

23 coordinator at HDSP and apparently seeks to implicate him for actions or inactions in a

24 supervisory capacity and for the manner in which he processed, or failed to process, plaintiff's

25 unspecified grievances. Complaint, pp. 3, 19. His allegations against this defendant are vague

26 and conclusory.

1         The Civil Rights Act under which this action was filed, 42 U.S.C. § 1983, requires

2 that there be an actual connection or link between the actions of the defendants and the

3 deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social

4 Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another

5 to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an

6 affirmative act, participates in another's affirmative acts or omits to perform an act which he is

7 legally required to do that causes the deprivation of which complaint is made."  Johnson v.

8 Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

9         Moreover, supervisory personnel are generally not liable under § 1983 for the

10 actions of their employees under a theory of respondeat superior and, therefore, when a named

11 defendant holds a supervisorial position, the causal link between him and the claimed

12 constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

13 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

14 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

15 in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

16 Cir. 1982).

17         In addition, prisoners do not have a "separate constitutional entitlement to a

18 specific prison grievance procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003),

19 citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Even the non-existence of, or the

20 failure of prison officials to properly implement, an administrative appeals process within the

21 prison system does not raise constitutional concerns.  Mann v. Adams, 855 F.2d 639, 640 (9th

22 Cir. 1988).  See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932

23 F.2d 728 (8th Cir. 1991).  Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill. 1982) ("[A prison]

24 grievance procedure is a procedural right only, it does not confer any substantive right upon the

25 inmates.  Hence, it does not give rise to a protected liberty interest requiring the procedural

26 protections envisioned by the fourteenth amendment").  Specifically, a failure to process a

1   grievance does not state a constitutional violation.  Buckley, supra.  State regulations give rise to

2   a liberty interest protected by the Due Process Clause of the federal constitution only if those

3   regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on

4   the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472,

5   484, 115 S. Ct. 2293, 2300 (1995).[2]

6          Defendants sued in their individual capacity must be alleged to have: personally

7   participated in the alleged deprivation of constitutional rights; known of the violations and failed

8   to act to prevent them; or implemented a policy that repudiates constitutional rights and was the

9   moving force behind the alleged violations.  Larez v. City of Los Angeles, 946 F.2d 630, 646

10  (9th Cir. 1991); Hansen v. Black, 885 F.2d 642 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040

11  (9th Cir. 1989).  "Although a § 1983 claim has been described as 'a species of tort liability,'

12  Imbler v. Pachtman, 424 U.S. 409, 417, 96 S. Ct. 984, 988, 47 L.Ed.2d 128, it is perfectly clear

13  that not every injury in which a state official has played some part is actionable under that

14  statute."  Martinez v. State of California, 444 U.S. 277, 285, 100 S. Ct. 553, 559 (1980).

15  "Without proximate cause, there is no § 1983 liability."  Van Ort v. Estate of Stanewich, 92 F.3d

16  831, 837 (9th Cir. 1996).

17          The search, which was performed in accordance with this constitutionally valid
           strip search policy, was subsequently ratified by the School Board when Mr.
18          Williams filed a grievance.  Therefore, Williams' only grasp at evoking municipal
           liability under § 1983 is to show that this subsequent ratification is sufficient to
19          establish the necessary causation requirements.  Based on the facts, the Board
           believed Ellington and his colleagues were justified in conducting the search of
20          Williams.  There was no history that the policy had been repeatedly or even
           sporadically misapplied by school board officials in the past.  Consequently, the

21

22          [2] "[W]e recognize that States may under certain circumstances create liberty interests
    which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S.
23  369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to
    freedom from restraint which, while not exceeding the sentence in such an unexpected manner as
24  to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones,
    445 U.S. 480, 493, 100 S.Ct.1254, 1263-1264 (transfer to mental hospital), and Washington, 494
25  U.S. 210, 221- 222, 110 S.Ct. 1028, 1036-1037 (involuntary administration of psychotropic
    drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the
26  ordinary incidents of prison life." Sandin v. Conner, supra.

1         School Board cannot be held liable for the ratification of the search in question,
2         because this single, isolated decision can hardly constitute the "moving force"
      behind the alleged constitutional deprivation.

3   Williams v. Ellington, 936 F.2d 881, 884-885 (9th Cir. 1991).

4         This court is unwilling to adopt a rule that anyone involved in adjudicating

5   grievances after the fact is per se potentially liable under a ratification theory.  However, this is

6   not to say that persons involved in adjudicating administrative disputes, or persons to whom

7   complaints are sometimes made can never be liable under a ratification theory.  If, for example, a

8   reviewing official's rejections of administrative grievances can be construed as an automatic

9   whitewash, which may have led other prison officials to have no concern of ever being

10  reprimanded, a ratifying official may be liable for having put a defective policy in place.

11        Plaintiff has provided no specific factual predicate for his allegations against

12  defendant D. Clark.  See Complaint, pp.3-4, 19.  Instead, plaintiff simply accuses him in

13  conclusory and broad-sweeping fashion of having interfered generally with his administrative

14  grievance process therefore denying him court access.  However, in order to frame a claim for

15  denial of a right to access the courts, plaintiff must allege actual injury.  Lewis v. Casey, 518 U.S.

16  343, 351-53, 355, 116 S. Ct. 2174 (1996).  In other words, before a claim of  denial of access to

17  the courts can go forward, an inmate must "demonstrate that a nonfrivolous legal claim had been

18  frustrated or was being impeded."  Id., at 352-53.  Plaintiff has failed to do so.

19        Nor does plaintiff adequately frame a violation of his equal protection rights

20  against this defendant with his conclusory and insufficient claims that his treatment differed from

21  that of other inmates.  Complaint, pp. 21.  To frame a claim of a violation of his equal protection

22  rights under the Fourteenth Amendment, "plaintiff must show that the defendants acted with an

23  intent or purpose to discriminate against the plaintiff based upon membership in a protected

24  class."  Barren v. Harrington, 152 F.3d 1193-94 (9th Cir. 1998).  Plaintiff has failed to

25  demonstrate that he is a protected class member.

26  \\\\\

1    Therefore, plaintiff's vague claims regarding defendant D. Clark's alleged

2  involvement in the grievance process and his unsupported claims against this defendant of a

3  violation of plaintiff's right to access the court or of a violation of his equal protection rights will

4  be dismissed.

5    Plaintiff was granted leave to amend by Order, filed on September 14, 2011.

6  However, as noted in the Order & Findings and Recommendations, filed on October 17, 2011

7  (subsequently adopted by Order, filed on December 9, 2011), plaintiff, by filing dated September

8  21, 2011, chose not to amend his complaint but elected to proceed only against those defendants

9  against whom the court had found his complaint colorable.

10    Therefore, the court having found plaintiff's claims against defendant D. Clark not

11  to be cognizable as framed, the undersigned will now recommend dismissal of this defendant

12  without leave to amend.

13    Accordingly, IT IS HEREBY ORDERED that:

14    1.  The request for clarification, filed on January 24, 2012, regarding defendant D.

15  Clark is granted; and

16    2.  This matter proceeds against defendants McDonald, Gower, Davey, Van Leer,

17  Sanders, Miranda and RN J. Clark.

18    IT IS RECOMMENDED that defendant D. Clark be dismissed from this action.

19    These findings and recommendations are submitted to the United States District

20  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

21  days after being served with these findings and recommendations, any party may file written

22  objections with the court and serve a copy on all parties.  Such a document should be captioned

23  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

24  shall be served and filed within fourteen days after service of the objections.  The parties are

25  \\\\\

26  \\\\\

7

1  advised that failure to file objections within the specified time may waive the right to appeal the

2  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: February 3, 2012

4                                                    /s/ Gregory G. Hollows
                                                   UNITED STATES MAGISTRATE JUDGE

5  GGH:009
   mitc1240.clr

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26