IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WESLEY MITCHELL,

        Plaintiff,                    No. CIV S-11-1240 JAM GGH P

    vs.

MATTHEW L. CATE, et al.,

        Defendants.              <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        On March 2, 2012, defendant Miranda filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), on the grounds that plaintiff failed to allege facts sufficient to support his claim for an Eighth Amendment violation. Docket # 29. Also on March 2, 2012, defendants Clark, Davey, Gower, McDonald, Sanders and Van Leer filed a separate motion to dismiss, pursuant to non-enumerated Fed. R. Civ. P. 12(b), on the grounds that plaintiff failed to exhaust his administrative remedies prior to filing this action in compliance with 42 U.S.C. § 1997e(a). Docket # 30. On March 28, 2012, defendant Miranda joined the motion of defendants Clark, Davey, Gower, McDonald, Sanders and Van Leer, alleging a failure by plaintiff to exhaust administrative remedies. Docket # 36. Plaintiff has not opposed the motions.

        Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to

1

the granting of the motion . . . ." On November 22, 2011, plaintiff was advised of the requirements for filing an opposition to a motion to dismiss and that failure to oppose such a motion timely may be deemed a waiver of opposition to the motion. Plaintiff was also specifically provided with notice, pursuant <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), of the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies, pursuant to non-enumerated Fed. R. Civ. P. 12(b), and cautioned that failure to oppose the motion may be considered by the court as a waiver of opposition to the motion and, in any event, whether opposed or not, unexhausted claims would be dismissed without prejudice.

Accordingly, plaintiff's failure to oppose should be deemed a waiver of opposition to the granting of the motion. In the alternative, the court has reviewed the motions and find that they have merit. Specifically, defendant Miranda's unopposed motion to dismiss the Eighth Amendment claim of inadequate medical care against him should be granted, and defendants have produced exhibits and supporting declarations sufficient to demonstrate that plaintiff has failed to exhaust his administrative remedies with respect to the claims at issue, i.e., his claims of inadequate medical care, of due process violations in being subjected to administrative segregation and atypically difficult conditions therein, of deprivation of outdoor exercise and of his right to participate in religious activity to which plaintiff provides no opposition to dispute their showing.

IT IS HEREBY RECOMMENDED that:

1. Defendant Miranda's March 2, 2012 (docket # 29), motion to dismiss for failure to state a claim be granted, and defendants' March 2, 2012 (docket # 30), motion to dismiss for failure to exhaust administrative remedies in which defendant Miranda joined (docket # 36), be granted as well; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen

days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 24, 2012

       /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
mitc1240.46