IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WESLEY MITCHELL,

      Plaintiff,                      No. 2:11-cv-1240 JAM GGH P

   vs.

MATTHEW L. CATE, et al.,

      Defendants.            <u>ORDER</u>

                              /

          By Findings and Recommendations filed on May 24, 2012, this court recommended granting defendant Miranda's motion to dismiss for failure to state a claim, under Fed. R. Civ. P. 12(b)(6), as well as the motion to dismiss, pursuant to non-enumerated Rule 12(b) brought by defendants Clark, Davey, Gower, McDonald, Sanders and Van Leer (in which defendant Miranda later joined as well). Plaintiff had failed to oppose the motions, which the court found constituted a waiver of opposition and, in the alternative, the motions were deemed to have merit. However, in light of <u>Woods v. Carey</u>, --- F.3d ----, 2012 WL 2626912 (9th Cir. July 6, 2012), and notwithstanding that plaintiff was previously informed of the requirements to oppose a motion to dismiss for failure to exhaust pursuant <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), plaintiff will be informed again.

1

1  Pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), the court
2  hereby informs plaintiff of the following requirements for opposing a motion to dismiss for
3  failure to exhaust administrative remedies pursuant to Fed. R. Civ. P. 12(b).  Such a motion is a
4  request that the court dismiss without prejudice any unexhausted claims.  The moving party may
5  submit affidavits or declarations under penalty of perjury and admissible documents to support
6  the motion to dismiss.  To oppose the motion, plaintiff may likewise file declarations under
7  penalty of perjury and admissible documents.  Plaintiff may rely on plaintiff's statements made
8  under penalty of perjury in the operative complaint if that complaint shows that plaintiff has
9  personal knowledge of the matters stated and plaintiff specifies the parts of the operative
10 complaint on which plaintiff relies.  Plaintiff may also rely on one or more affidavits or
11 declarations sworn to by other persons who have personal knowledge of relevant matters.  In
12 addition, plaintiff may rely on written records, but plaintiff must prove that the records are what
13 plaintiff asserts they are.  If plaintiff fails to contradict defendant's evidence with admissible
14 evidence, the court may rely on defendant's evidence.  In the event both sides submit matters
15 outside of the pleadings, the court may look beyond the pleadings and decide disputed issues of
16 fact.  If plaintiff does not file a written opposition to the motion, the court may consider the
17 failure to act as a waiver of opposition to the motion.  <u>See</u> L.R. 230(l).  If the court grants the
18 motion to dismiss, whether opposed or unopposed, plaintiff's unexhausted claims will be
19 dismissed without prejudice.  A motion or opposition supported by unsigned affidavits or
20 declarations will be stricken.

21  In addition, plaintiff filed timely objections to the findings and recommendations
22 recommending dismissal of this action, which he inappositely characterizes as a motion for relief
23 from judgment under Rule 60(b). Plaintiff attaches documentation which he avers demonstrates
24 that since February 19, 2012, the prison facility in which he is housed has undergone "a series of
25 modified programs that made inmate movement next to impossible for most."  <u>See</u> docket # 38.
26 He seeks therein leave to file his opposition to the motions.  Although plaintiff should have, at a

minimum, submitted with his objections any substantive opposition, the court will vacate the pending findings and recommendations. This will very generously afford plaintiff an additional opportunity to oppose the 12(b)(6) motion, as well as afford him an adequate opportunity to benefit from the fair notice contained herein in light of the recent Woods ruling, with respect to opposing the non-enumerated 12(b) motion. Plaintiff is cautioned, however, that, without exception, there will be no further extension of time.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed on May 24, 2012 (docket # 37), are hereby VACATED;

2. Plaintiff is granted twenty-one (21) days to file his opposition to defendants' motions to dismiss both pursuant to nonenumerated Rule 12(b) and Rule 12(b)(6); and

3. There will be no further extension of time.

DATED: July 12, 2012

                          /s/ Gregory G. Hollows
                    UNITED STATES MAGISTRATE JUDGE

GGH: 009
mitc1240.brf