UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY MITCHELL,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW L. CATE, et al.,<br><br>    Defendants. | No. 2:11-cv-1240 JAM AC P<br><br><br><br>ORDER |

Defendants have filed with their motion for summary judgment in this prisoner civil rights action a request for the court to seal a voluminous amount of documents. E. D. Local Rule 141 governs the procedures for the sealing of documents. An order sealing documents issues only where the requesting party has made "the showing required by applicable law." L.R. 141(a). Under L.R. 141(b), the "Request to Seal Documents" to be submitted by the party seeking the sealing order:

> shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information. If the Request, proposed order, and/or documents covered by the Request were submitted without service upon one or more other parties, the Request also shall set forth the basis for excluding any party from service. The documents for which sealing is requested shall be paginated consecutively so that they may be identified without reference to their content, and the total number of submitted pages shall be stated in the request.

1

Defendants have submitted more than 150 pages of documents for in camera review, identifying them broadly as falling into two categories that require confidentiality. Although the documents are paginated, the total number of pages submitted is not specified in the Request to Seal. Exhibit A is identified generally as High Desert State Prison Program Status reports, for which defendants seek sealing because section C of all such reports have been designated confidential by the California Department of Corrections and Rehabilitation. Exhibit B is described as a single confidential memorandum, dated December 11, 2007, identifying plaintiff as a member of the "Two-Five" gang. With respect to Exhibit A, defendants have failed to describe the basis for their request to seal with the requisite specificity. First, a cursory review indicates that not every document that comprises Exhibit A is, in fact, identified as an HDSP program status report. There are at least 60 pages of documents categorized as memoranda, only some of which are stamped "confidential." Second, defendants do not demonstrate why, for example, they have not more narrowly proposed redaction of confidential information from documents which might then be publically filed.

The Ninth Circuit recognizes "a strong presumption in favor of access to court records." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003) (citing Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir.1995)). Thus, while "access to judicial records is not absolute," Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178 (9th Cir.2006), a party seeking to seal from public view judicial records pertaining to a dispositive motion must meet a "compelling reasons" standard. Pintos v. Pacific Creditors Assn., 605 F.3d 665, 678 (9th Cir. 2010). To overcome the strong presumption in favor of public access, the moving party must demonstrate that "compelling reasons supported by specific factual findings ... outweigh the general history of access and the public policies favoring disclosure." Id. at 679 (quoting Kamakana, 447 F.3d at 1178-79 (internal quotation marks/citations omitted)). The "compelling reasons" standard tasks a district court with weighing "relevant factors,"[1] basing its decision "on a

---

[1] "[R]elevant factors may include public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes . . . ." E.E.O.C. v. Erection Co., Inc., 900 F.2d 168, 170 (9th Cir. 1990) (citing Valley Broadcasting v. United States District Court, 798 F.2d 1289, 1294 (9th Cir.1986).

compelling reason," and articulating "the factual basis for its ruling" absent reliance "on hypothesis or conjecture." Pintos, at 679 (citing Hagestad, 49 F.3d at 1434).[2]

Defendants will not be granted a blanket sealing order. The Request to Seal provides only generic confidentiality and security rationales for sealing entire classes of documents. Defendants do not explain why redaction would not be adequate to address those concerns. Accordingly, the request to seal is denied without prejudice.

If they wish to renew their request, defendants must provide a compelling reason why each document submitted for the court's review should be filed under seal. Where redaction could obviate the need for sealing, defendants must propose redactions. Defendants will be granted twenty-one days from the date of this order to submit a modified request to seal. A revised set of documents shall be provided for in camera review,[3] with proposed redactions. Defendants shall also provide in camera a Request to Seal that identifies on a document-by-document basis (or, as appropriate for sets of closely related documents, by Bates number range) the asserted confidentiality interest or security interest that provides a proffered basis for sealing. Finally, defendants shall file an amended Notice of Request to Seal Documents that complies more fully with L.R. 141(b) and provides sufficient general description of the documents, without revealing information that defendants seek to protect, to provide plaintiff with a meaningful opportunity to object.

Plaintiff will be granted twenty-eight days, notwithstanding any contrary provision of L.R. 141(c), to submit a response to any amended Notice of Request to Seal. Pursuant to L.R. 141(c), any opposition shall not be filed but shall be mailed to the Clerk in an envelope stating in a prominent manner "Opposition to Request to Seal Documents."

////

---

[2] A compelling reason might include the necessity to keep "sensitive personal information" to protect an individual from exposure to harm. Kamakana, 447 F.3d at 1184; Nursing Home Pension Fund v. Oracle Corp., C01-00988 MJJ, 2007 WL 3232267 *2 (N.D. Cal. Nov. 1, 2007).

[3] The Notice of Request to Seal inaccurately refers to these documents as having been submitted under seal. See L.R. 141.

Accordingly, IT IS ORDERED that:

1. Defendants' request to seal documents in support of their motion for summary judgment (ECF No. 66) is denied as overbroad but without prejudice to renewal within twenty-one days as provided above; and

2. Plaintiff may submit an opposition to any amended Notice of Request To Seal within twenty-eight days after service, as provided above;

3. Good cause appearing, plaintiff's deadline to respond to defendants' motion for summary judgment (ECF No. 65) is suspended and will be reset upon resolution of the sealing issue and filing and service of redacted exhibits, if any.

DATED: February 20, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE