UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY MITCHELL,<br><br>           Plaintiff,<br><br>      v.<br><br>MATTHEW L. CATE, et al.,<br><br>           Defendants. | No. 2:11-cv-1240 JAM AC P<br><br><br><br><br>ORDER |

Plaintiff, a state prisoner, is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's motion to compel further discovery (ECF No. 58) and defendants' amended request to file documents under seal (ECF No. 71), both of which are fully briefed. The parties have filed cross-motions for summary judgment which are not yet ripe for decision; briefing of defendants' motion has been deferred pending adjudication of the request to seal exhibits. See ECF No. 68 (Order filed February 21, 2014).

BACKGROUND

This action proceeds against defendants Clark, Davey, Gower, McDonald, Sanders and Van Leer, who are correctional officers and prison officials at High Desert State Prison (HDSP).[1] Plaintiff alleges that his constitutional rights were violated by his confinement in punitive

---

[1] Several defendants and claims have been dismissed from the original complaint. See ECF Nos. 17, 31, 49, 52.

administrative segregation (ad seg) from October 6, 2009 until May 26, 2010.  More specifically, plaintiff alleges that he was placed in ad seg without notice or hearing; thereafter confined in segregation without periodic review; subjected to deprivation of privileges provided to inmates in other segregated housing units (phone access, visits, canteen, etc.); deprived of outdoor exercise; deprived of adequate medical care; and denied access to religious participation and to the courts. See Complaint, ECF No. 1.  Plaintiff eventually learned from the response to a group inmate appeal that he was being segregated as a result of an investigation into his alleged membership in a prison gang or disruptive group known as "Two-Five," and because he was alleged to have been involved in an incident of violence involving inmates on September 17, 2009 as well as in incidents on other (unspecified) dates against staff.  Complaint, ECF No. 1 at 6.  Plaintiff denies involvement in any violent incident.  Id. at 7-8.  Plaintiff was never formally notified of the results of any investigation.  Id. at 13.

          PLAINTIFF'S MOTION TO COMPEL

Plaintiff seeks further responses to his Requests for Production of Documents, Set One, Nos. 7, 9, 11 and Set Two, No. 24, and to his Interrogatories, Set Two, Nos. 4 and 5.  The motion to compel was constructively filed on December 8, 2013, the date on plaintiff's signed certificate of service,[2] and was docketed on December 11, 2013.  The deadline for completion of discovery and the filing of any motion to compel was December 2, 2013.  ECF No. 57.  The undersigned had previously extended the deadline to December 2 from November 11, 2013 on plaintiff's motion, to provide him additional time to respond to discovery requests from defendants Clark and Davey.  See ECF Nos. 57 (Order), 56 (request for extension of time), 53 (initial Discovery and Scheduling Order).  Plaintiff's request for extension of time made no mention of any dispute related to his own discovery requests.  Plaintiff thereafter made no request to extend the discovery deadline beyond December 2, although he has demonstrated his understanding of the deadline's operation and how to seek modification of the scheduling order.

---

[2] The court applies the "mailbox rule" announced in Houston v. Lack, 487 U.S. 266, 275 76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities).  See also Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir.  2009).

1  The motion to compel makes no reference to its untimeliness, and is not accompanied by
2  any request for leave to file outside the discovery period. In reply to defendant's assertion of
3  untimeliness, plaintiff concedes that "his motion was indeed tardy." He states that during the
4  week his motion was due, "the library on the facility where plaintiff is housed was open [only] on
5  the days of December 5-6, 2013." He argues that defendants "would not be prejudiced for the 3
6  day delay." ECF No. 62 at 1-2.

7  Plaintiff notes that the court granted defendants a one-week extension to respond to
8  plaintiff's motion, and seeks the same courtesy. Defendants, however, made a timely request for
9  an extension. Plaintiff does not explain why he failed to seek an extension when it became clear
10 to him that his motion to compel would not be timely completed. The meet and confer letter that
11 plaintiff submits in support of his motion, dated November 3, 2012, documents that he intended
12 to file a motion to compel if he did not receive a response by November 14, 2013. ECF No. 58 at
13 13-15. Under these circumstances, it is unclear why plaintiff needed to rely on library access on
14 December 5 and 6 in order to file his motion.

15 Plaintiff has not shown good cause for the court to overlook the untimeliness of his
16 motion. According, the motion to compel will be denied as untimely.[3]

17                    DEFENDANTS' AMENDED MOTION TO FILE EXHIBITS UNDER SEAL
18 Defendants seek to file under seal three exhibits, or portions of exhibits, offered in support
19 of their motion for summary judgment.[4] Defendants contend that "disclosure of these documents
20 would jeopardize the integrity of CDCR's investigative process, the safety of named confidential
21 informants, the security of the institutions at which those informants are housed, and the public
22 safety." ECF No. 71 at 2.

23 The Ninth Circuit recognizes "a strong presumption in favor of access to court records."
24 Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003) (citing Hagestad v.

---

[3] The substance of petitioner's motion to compel primarily involves access to confidential memoranda that are also at issue on defendants' motion to seal. The court now turns to that matter.

[4] A previous motion to seal was denied without prejudice for overbreadth and non-compliance with Local Rule 141. See ECF No. 68 (Order filed February 21, 2014). The amended request reduces from over 150 pages to 20 pages the materials sought to be sealed.

1  Tragesser, 49 F.3d 1430, 1434 (9th Cir.1995)).  Thus, while "access to judicial records is not
2  absolute," Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178 (9th Cir.2006), a party
3  seeking to seal from public view documents pertaining to a dispositive motion must meet a
4  "compelling reasons" standard.  Pintos v. Pacific Creditors Assn., 605 F.3d 665, 678-79 (9th Cir.
5  2010).  That is, the party requesting to seal "must articulate[ ] compelling reasons supported by
6  specific factual findings . . . that outweigh . . . public interest in understanding the judicial
7  process."  Kamakana, 447 F.3d at 1178-79 (internal citation and quotation marks omitted).  The
8  "compelling reasons" standard tasks a district court with weighing "relevant factors,"[5] basing its
9  decision "on a compelling reason," and articulating "the factual basis for its ruling" absent
10 reliance "on hypothesis or conjecture."  Pintos, at 679 (citing Hagestad, 49 F.3d at 1434).[6]

Exhibit A

Defendants seek to file under seal their Exhibit A in support of summary judgment, consisting of pages A1 though A13.  Exhibit A is comprised of "confidential memoranda" accompanying Program Status Reports from the "'Two-Five' Modified Program" that was implemented at High Desert State Prison (HDSP) on September 18, 2009 in response to the September 17 incident of inmate-on-inmate violence.  ECF No. 71 (Defendants' Amended Request to Seal) at 1.

The court has reviewed this document in camera and finds that it includes details regarding specific inmate and staff safety concerns, details of prison officials' investigative methods, information received by staff from inmate informants, and information identifying such informants.  This information cannot be revealed without endangering informants and others.  Moreover, according to the declaration of HDSP Acting Warden F. Foulk, confidential informants reveal information based on the presumption that confidentiality will be maintained,

---

[5] "[R]elevant factors may include public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes . . . ." E.E.O.C. v. Erection Co., Inc., 900 F.2d 168, 170 (9th Cir. 1990) (citing Valley Broadcasting v. United States District Court, 798 F.2d 1289, 1294 (9th Cir.1986).

[6] A compelling reason might include the necessity to keep "sensitive personal information" to protect an individual from exposure to harm.  Kamakana, 447 F.3d at 1184; Nursing Home Pension Fund v. Oracle Corp., C01-00988 MJJ, 2007 WL 3232267 *2 (N.D. Cal. Nov. 1, 2007).

4

and disclosure of such information would impede the ability of correctional staff to use such informants in the future. ECF No. 71-1, ¶¶ 7-9. These considerations justify filing Exhibit A under seal, with the exception of pages A4 and A12. Those pages merely list the terms of modified programming that were imposed on inmates generally as the result of the confidential information. The modified program terms themselves are not confidential, do not present any security threat, and have been repeatedly disclosed elsewhere in the record.[7]

Defendants argue that redaction of the confidential memoranda is insufficient to assure the safety of the inmates named. The warden declares that, in his experience, inmates have the ability to determine the inmate's identity based on information and dates in the documents and inmate movement that some security threat groups track. Id. ¶ 11, 12. While this argument might otherwise be persuasive, the record reflects that portions of Exhibit A have already been provided to plaintiff in redacted version and filed in the public record of this case. See ECF No. 64-2 (plaintiff's motion for summary judgment) at 36-38 (memo dated 5/5/10) (defs. Mot. Seal A9-A11); id. at 44-45 (memo dated 1/15/10) (Defs. Mot. Seal A5-A6). The unredacted memoranda submitted for in camera review as Defendants' Exhibit A will be filed under seal with the exceptions noted, but plaintiff will not be precluded from relying on the redacted copies of the 5/5/10 and 1/15/10 memoranda that have been previously filed.

Exhibit B

Exhibit B consists of a three-page confidential memorandum (B14-16) documenting plaintiff's identification by an informant "as a member of the 'Two-Five' disruptive group." The memorandum contains the name and CDCR number of the confidential informant who identified plaintiff and the detailed information he provided.

Defendants claim confidentiality under Title 15 Cal. Code Regs. § 3321(a)(1) and (a)(2), which provided as follows:

(a) The following types of information shall be classified as confidential:

(1) Information which, if known to the inmate, would endanger the safety of any person.

---

[7] See ECF No. 64-2 at 18-19, 21-22, 24-25, 28, 30-31, 33-34, 43, 47-50, 53.

    (2) Information which would jeopardize the security of the institution.

  Plaintiff argues vehemently that he is entitled to this memorandum with the name and CDCR number of the informant redacted. He relies on Title 15 Cal. Code Regs. § 3321(b), which provides as follows:

> b) Uses of specific confidential material.
>
>   (1) No decision shall be based upon information from a confidential source, unless other documentation corroborates information from the source, or unless the circumstances surrounding the event and the documented reliability of the source satisfies the decision maker(s) that the information is true.
>
>   (2) Any document containing information from a confidential source shall include an evaluation of the source's reliability, a brief statement of the reason for the conclusion reached, and a statement of reason why the information or source is not disclosed.
>
>   (3) The documentation given to the inmate shall include:
>     (A) The fact that the information came from a confidential source.
>     (B) As much of the information as can be disclosed without identifying its source including an evaluation of the source's reliability; a brief statement of the reason for the conclusion reached; and, a statement of reason why the information or source is not disclosed.

  This regulation does not require the disclosure of redacted investigative memoranda or any other particular document. The regulation requires that when adverse action is taken against an inmate, the inmate must be informed in general terms of the basis for the action. The question whether plaintiff was provided the information required by § 3321(b) at the time he was housed with other suspected "Two-Five" members may be relevant to his procedural due process claim, but it is not relevant to the court's decision whether Exhibit B itself must be publically filed.

  "Due process does not require that an informant's identity be revealed to an inmate." Zimmerlee v. Keeney, 831 F.2d 183, 186 (9th Cir. 1987) (citing Wolff v. McDonnell, 418 U.S. 539, 568-69 (1974); Mendoza v. Miller, 779 F.2d 1287, 1294 (7th Cir.1985), cert. denied, 476 U.S. 1142 (1986)). The warden declares that disclosure of the memorandum poses a risk that cannot be alleviated by redaction. Reply, ECF 80 at 4, citing ECF No. 71-1, Foulk Dec. ¶¶ 11-15. The undersigned has reviewed the document and finds that it includes information that could permit identification of the informant even if his name and inmate number are redacted. Protection of the informant is a sufficiently compelling interest to outweigh plaintiff's stated need

for the information or the public's interest in access to the document. Therefore, Exhibit B (B14 through B16) shall be filed under seal.

<u>Exhibit N</u>

Exhibit N consists of what defendants characterize as the "confidential sections" (Section C) of two Program Status Reports. ECF No. 72 at 1. These are weekly status reports regarding the "Two-Five" Modified Program, which contain details of the September 17, 2009 incident and provide updates on the progress of the investigation. Defendants contend that the reports are confidential under Tit. 15 Cal. Code Regs. § 3321 and that their public release would jeopardize institutional security and safety. More specifically, defendants argue that Section C of a Program Status Reports provides details about investigative methods and protocols of investigative staff the disclosure of which might permit inmates to adjust their tactics to evade investigation. ECF No. 71-1, Foulk Dec., ¶¶ 5-6.

Defendant's argument is undercut by the fact that the information contained in Exhibit N is available elsewhere in the record. <u>See</u>, <u>e.g.</u>, Ex. C, ECF No. 64-2 at 13-15 (redacted memorandum of October 20, 2009); <u>id.</u>, at 36-38 (redacted memorandum of May 25, 2010); <u>id.</u>, at 39-42 (redacted memorandum dated June 4, 2010). Having compared Exhibit N to plaintiff's exhibits, the undersigned can identify no information set forth in Section C of the PSRs that has not already been revealed. In light of this fact, there does not appear to be a compelling reason to seal these records. The motion to seal will be denied as to Exhibit N. Defendants may elect either to file Exhibit N or to withdraw reliance on it in their summary judgment motion.

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion to compel further discovery, ECF No. 58, is denied as untimely.

2. Defendants' amended motion to seal documents in support of their motion for summary judgment, ECF No. 71, is granted in part. Defendants shall provide to the Clerk of Court pursuant to Local Rule 141(e)(2)(1) an electronic copy of the following documents for filing under seal:

Exhibit A: pages A1 through A3, A5 through A11, and A13;

Exhibit B: pages B14 through B16.

3. Defendants' amended motion to seal documents is denied as to Exhibit A, pages A4 and A12, and Exhibit N (pages N17 through N20). Counsel for the submitting party may contact Courtroom Deputy Valerie Callen, vcallen@caed.uscourts.gov, to make arrangements to retrieve the documents previously submitted for in camera review.

4. Defendant shall file and serve within seven days either (1) the exhibits or portions of exhibits not approved for filing under seal, or (2) a second amended Statement of Undisputed Facts that omits reference to exhibits not in the record.

5. Plaintiff's opposition to defendants' motion for summary judgment is due within thirty thereafter; any reply thereto must be filed seven (7) days thereafter.

DATED: April 28, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE